# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SM-T.E.H. REALTY 1, LLC, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-01712-SRC |
| | ) | |
| CITY OF BEL RIDGE, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Extend Stay of Court Proceedings [43] and on the Court's *sua sponte* motion to remand this matter to state court. All federal questions have been dismissed from this case, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the Court remands this matter to the Circuit Court of St. Louis County.

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to federal court any civil action brought in state court over which the district court has original jurisdiction. 28 U.S.C. § 1441.

Defendants removed this matter on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. At the time of removal, Plaintiff's petition alleged deprivations of Plaintiff's "rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983." Doc. 4 at ¶ 147. The petition further alleged that Defendants appropriated Plaintiff's property without just compensation in violation of the Fifth Amendment of the United States Constitution. *Id.* at ¶¶ 103-05.

1

After removal, Plaintiff filed an amended Complaint in this Court. Doc. 29. The amended Complaint eliminated all claims arising under the United States Constitution. *Id.* Plaintiff's remaining claims sound only in Missouri state law. *Id.* at ¶¶ 54-67. A district court may exercise supplemental jurisdiction over state law claims that form part of the "same case or controversy" as claims over which the court has original jurisdiction. 28 U.S.C.A. § 1367(a). However, "[a] district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C.A. § 1367(c).

In the present case, there are no remaining claims over which the Court had original jurisdiction. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) ("[T]he judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.") (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)).

Accordingly,

**IT IS HEREBY ORDERED** that that this matter is remanded back to the Circuit Court of St. Louis County. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Stay of Court Proceedings [43] is DENIED as moot.

So Ordered this 25th day of February, 2020.

**STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE**